## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIA SANCHEZ
c/o 519 H Street NW
Washington, DC 20001

MARIA ROMERO
c/o 519 H Street NW
Washington, DC 20001

     Plaintiffs,

v.

HUBALOU, LLC
d/b/a STATION 4
1101 4th Street SW
Washington, DC 20024

STUBS, LLC
d/b/a LUPO VERDE
1401 T Street NW
Washington, DC 20009

MED LAHLOU
5526 MacArthur Blvd. NW
Washington, DC 20016

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1.      Defendants employed Plaintiffs as kitchen hands in their Washington, DC restaurants.

Defendants engaged in a number of unlawful wage payment practices with respect to Plaintiffs.

Defendants did not: a) pay Plaintiffs overtime wages, b) pay Plaintiffs the minimum wage, and c)

pay Plaintiffs for all of their hours worked.

2.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay

minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201 *et seq.* and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C.

Code, § 32-1001 *et seq.* Plaintiffs bring this action to recover damages for Defendants' failure to

pay Plaintiffs for all hours worked pursuant to the District of Columbia Wage Payment

Collection Law ("DCWPCL"), D.C. Code, § 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this

district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred

in this district.

## Parties

5.      Plaintiffs are adult residents of the District of Columbia.

6.      Defendant Hubalou, LLC is a District of Columbia corporate entity. It does business as

Station 4. Its principal place of business is located at 1101 4th Street SW, Washington, DC

20024. Its registered agent for service of process is Med Lahlou, 5526 MacArthur Blvd. NW,

Washington, DC 20016.

7.      Defendant Stubs, LLC is a District of Columbia corporate entity. It does business as Lupo

Verde. Its principal place of business is located at 1401 T Street NW, Washington, DC 20009. Its

registered agent for service of process is DBM Registered Agent Services, Inc., 1110 Vermont

Avenue NW, Ste. 715, Washington, DC 20005.

8.      Defendant Med Lahlou is an adult resident of the District of Columbia. He resides at:

5526 MacArthur Blvd. NW, Washington, DC 20016. He is an owner and officer of Defendant

Hubalou, LLC and Stubs, LLC. He exercises control over the operations of both Hubalou, LLC and Stubs, LLC — including their pay practices.

9.     Under the direction of Defendant Med Lahlou, Lupo Verde and Station 4 are operated as though they were one business enterprise.

**Factual Allegations**

10.     Plaintiff Sanchez worked for Defendants from approximately November 1, 2009 through approximately December 21, 2017.

11.     Plaintiff Romero worked for Defendants from approximately November 15, 2013 through approximately August 30, 2017 — with a leave of absence from approximately September 6, 2015 through approximately April 30, 2016.

12.     Plaintiff Sanchez primarily worked at Station 4. However, Defendant Lahlou occasionally instructed her to work at Lupo Verde.

13.     Plaintiff Romero worked primarily at Station 4. However, from approximately June 1, 2016 through approximately July 1, 2017, at the direction of Defendant Lahlou, she worked simultaneously at both Station 4 and Lupo Verde.

14.     Plaintiffs worked as kitchen hands.

15.     Plaintiff Sanchez's job duties primarily consisted of preparing food and cleaning.

16.     Plaintiff Romero's job duties primarily consisted of chopping vegetables and preparing salads.

17.     Plaintiffs typically and customarily worked more than 40 hours per week.

18.     Plaintiff Sanchez typically and customarily worked between 55 and 66 hours per week for Defendants.

19.     During the three years preceding the filing of this Complaint, Plaintiff Sanchez worked approximately 3500 hours of overtime for Defendants.

20.     Plaintiff Romero typically and customarily worked between 60 and 80 hours per week.

21.     During the three years preceding the filing of this Complaint, Plaintiff Romero worked

approximately 3,650 hours of overtime for Defendants.

22.     At all relevant times, Defendants paid Plaintiff Romero by the hour.

23.     Defendants paid Plaintiff Romero approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
|---|---|
| Feb. 08, 2015 – Sep. 05, 2015 | $10.00 |
| May 01, 2016 – Jun. 11, 2016 | $10.50 |
| Jun. 12, 2016 – Jun. 01, 2017 | $11.50 |
| Jul. 02, 2017 – Aug. 30, 2017 | $12.50 |

24.     Prior to August 1, 2016, Defendants paid Plaintiff Sanchez by the hour.

25.     Starting on August 1, 2016, Defendants paid Plaintiff Sanchez a flat weekly salary of

$750.00.

26.     Defendants paid Plaintiff Sanchez approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
|---|---|
| Feb. 02, 2015 – Jul. 05, 2015 | $10.00 |
| Jul. 06, 2015 – May 22, 2016 | $10.50 |
| May 23, 2016 – Jul. 31, 2016 | $11.50 |
| Approximate Dates (Salary) | Effective Hourly Rates (55 – 66 hours per week) |
| Aug. 1, 2016 – Dec. 21, 2017 | $11.36 – $13.64 |

27.     Defendants paid Plaintiffs their regular hourly rate across all hours worked, including

when Plaintiffs worked more than 40 hours in a workweek.

28.     For example, Defendants paid Plaintiff Sanchez $10.50 for each of the 173 hours that she

worked during the two weeks from August 17–30, 2015 ($1,816.50 ÷ $10.50 = 173 hours):

| Hubalou LLC  DBA  Station 4 | | | | | | | |
| Address:  Station 4, 1101 4th Street SW, Washington, DC 20024   Phone: 202-531-1666 | | | | | | Processed by Corporate Payroll Services | T |
| **188** | **400** | Sanchez, Maria | | | 08/17/15 | 08/30/15 | 015069 | 09/11/15 |
| Employee ID | Department | Employee Name | | | Period Begin | Period End | Check Number | Check Date |
| **Payments** | | **Hrs./Units** | **Current Amount** | **Year to Date** | **Deductions** | | **Current Amount** | **Year to Date** |
| Regular | | .000 | 1816.50 | 25460.00 | Fed Withhold | | 103.00 | 683.66 |
| | | | | | Soc Security | | 112.62 | 1578.52 |
| | | | | | Medicare | | 26.34 | 369.17 |
| | | | | | MD State W/H | | 79.59 | 792.44 |
| | | | | | Uniform | | .00 | 30.00 |

6801 Riggs Rd
Apt #004
Hyattsville, MD 20783

Federal Marital Status:    S
Federal Exemptions:        6
MD State Marital Status:   S
MD State Exemptions:       6

Montgomery County

| 1816.50 | 321.55 | 1494.95 | 25460.00 | 3453.79 | 22006.21 |
| Pay Rate | Current Payments | Current Deductions | **Net Pay** | Y.T.D. Payments | Y.T.D. Deductions | Y.T.D. Net Pay |

29.     Shortly before they started to pay Plaintiff Sanchez a flat weekly salary, Defendant Stubs,

LLC had been sued for unpaid overtime wages.

30.     Defendants' sole purpose for paying Plaintiff Sanchez a flat salary was to hide their

liability for overtime wages.

31.     Though Defendants paid Plaintiff Sanchez a salary, she continued to do the same work as

she had when she was an hourly employee. For example, she continued to wash meats, peel

vegetables, cut and chop vegetables and meats, prepare patties of ground meat and crab meat for hamburgers and crab cakes, and clean the kitchen.

32.     At all relevant times, Defendants did not pay Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of 40 in a workweek.

33.     In addition to not paying overtime wages, Defendants did not always pay Plaintiffs the applicable minimum wage.

34.     The D.C. minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

35.     Moreover, Defendants did not pay Plaintiffs for all of the hours and minutes they worked. Defendants typically and customarily shaved time off of the hours they paid to the Plaintiffs.

36.     For example, during the pay period of May 11–24, 2015, Plaintiff Sanchez worked 145.63 hours. However, Defendants only paid her for 145 hours. Defendants never paid her for the additional 0.63 hours that she worked.

37.     Defendants did not pay each Plaintiff for approximately 40 hours.

38.     At all relevant times, Defendants paid Plaintiffs by check.

39.     At all relevant times, Defendants required Plaintiffs to clock in and out of work.

40.     For Plaintiff Sanchez's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $22,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

41.     For Plaintiff Romero's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $24,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

42.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

43.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

44.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

45.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

46.     Defendant Med Lahlou personally supervised Plaintiffs and other employees at Lupo Verde and Station 4.

47.     Defendant Med Lahlou personally signed the paychecks of Plaintiffs and other employees at Lupo Verde and Station 4.

48.     Defendant Med Lahlou personally decided, or participated in the decision, to pay Plaintiff Sanchez a salary.

49.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

50.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

51.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

52.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

53. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

54. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

55. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

56. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

57. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

58. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

59. Defendants' violations of the FLSA were willful.

60. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

61. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

62.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

63.     The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017 and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

64.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

65.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

66.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

67.     Defendants' violations of the DCMWA were willful.

68.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

69.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

70.     Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

71.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

72.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

73.     Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including regular, minimum, and overtime wages.

74.     Defendants' DCWPCL violations were willful.

75.     For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**194,096.30**, and grant the following relief:

    a.     Award Plaintiffs $184,000.00, consisting of the following overlapping elements:

        i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.     unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii.     unpaid wages, plus three times the amount of unpaid wages earned as

liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4)

and 32-1308;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix

approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and

updated to account for the current market hourly rates for attorney's services, pursuant to

the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $9,696.30);

d.      Award Plaintiffs court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: March 5, 2018                                  Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*


**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so

triable.

/s/ Justin Zelikovitz